P. Fajardo & Co. *v.* Estate of Gatell.

Appeal from the District Court of Mayagüez.

No. 263.—Decided June 18, 1908.

Evidence—Rescission of Contract Purchase and Sale—Preponderance of the Evidence.—Where the evidence introduced by the defendant is not sufficiently convincing, and in the opinion of the trial court does not establish the facts alleged in the complaint by a preponderance of the evidence, the judgment appealed from must be affirmed.

The facts are stated in the opinion.
*Mr. Jacinto Texidor* for appellant.
The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

This case was set for the 21st day of May, 1908, and submitted without argument, the appellee filing no brief whatever. It was begun by complaint in the District Court of Mayagüez wherein P. Fajardo & Co., was named as complainant and the Succession of Don Federico Gatell, composed of the widow Doña Adelaida Pujols and the children Federico, Carmen and Adelaida Gatell as respondents. The complainant in substance alleged as follows: That toward the end of May, 1907, the complainant firm purchased of Don Federico Gatell a rectifier system DeRoig for the sum of $800, $200 in cash and agreeing with respect to the balance to pay $100 a month; that the rectifier having been taken to the house of P. Fajardo & Co. it had been impossible to make it work, in spite of all efforts and the aid of experts; in view of which the complainant communicated to the widow Gatell what was accurring and of the necessity which had arisen of returning the apparatus; and the widow sent a young man named Caro to see and repair the rectifier; that said Caro could not repair the apparatus, in spite of the fact that he sought to do so; that then the inspector of internal revenue ordered that the apparatus should be dismounted and this was done; that the complainant has paid three of the installments of the purchase. And as prayers of the complaint it was sought that the contract of sale be declared void; that the defendant succession pay back the amounts received—namely, $500 and the three promissory notes which the complainant had given. The defendant succession answered admitting the purchase and adding that the notes were made payable to the order of Don Federico Gatell; denying that the apparatus contained any defect, and setting up that the said promissory notes were guaranteed by Don Mateo Fajardo and were indorsed by Mr. Gatell to a third person; that in the contract there was union of consent a certain object, a subject matter and a consideration, and that it was a valid contract; that the

apparatus was excellent-and that it had worked well and in such state been received by the complainants, and that if it suffered thereafter with any imperfection it was by reason of the inaptitude of said complainants; that Caro was sent to examine the apparatus, but found that the return tubes had been cut and changed after P. Fajardo & Co. were in possession of the apparatus and to this cause the failure to work should be ascribed and prayed the dismissal of the complaint.

A trial was held in the court below and the facts are presented in a statement of the case. The court below on the 28th day of December, 1907, rendered judgment against the complainants. On the 17th of February, 1908, a motion for a new trial was made and overruled on the 28th day of February. From this latter decision an appeal was taken. The subject matters of the appeal before us are the error of the court in permitting certain notes to be introduced and the fact that the judgment is contrary to the evidence.

One of the witnesses of the respondent, José Marrero, testified that the purchase was for $800, $200 cash and six notes of $100 each; that he had had such notes in his possession because Mr. Cucullu had given them to him to take care of and that he, the witness, could produce them. The attorney for the complainant objected to the introduction of the notes because they were not introduced at the right time. Whereupon the judge dictated to the stenographer a description of the notes showing that they were notes made by the complainant to Mr. Gatell and indorsed to Mr. José Cucullu or order. On further objection that this was not the time to present documentary evidence the court ruled that the notes were admitted as part of the evidence of the witness. And there was further discussion. It seems to us that even if the judge had then and there admitted the notes, no other objection appearing, it would not have been error. The order of the proof is always within the sound discretion of the judge,

who may admit instruments whenever he thinks they have been properly identified and are material to the issue. These notes had been previously referred to and their origin traced by Mr. Cucullu, and he stated that he held them for the widow. Furthermore, there was no controversy over the existence of the notes, both parties admitting their existence, The complainant sought a return of them, and if the court had admitted them after judgment or before trial we fail to see how the respondent could have been prejudiced by the court's action.

There was proof at the trial tending to support the allegation of the complaint as well as proof tending to support the allegations of the answer. The court below very well found that even granting the truth of all the proof offered by the complainant a doubt still remained whether the rectifier failed to work on account of the lack of skill or because the lack of intelligence of the person in charge of setting it up or whether the fact of its not working was due to an inherent defect. But nevertheless there was proof of the good condition in which the apparatus left the hands of the respondent. We are therefore constrained to hold that the complainant failed to relieve himself of the burden placed upon him to show by a preponderance of the evidence that the apparatus was delivered to him in bad condition. There was also a question of whether the complainant had not mistaken his cause of action, but as we are of the opinion that no cause of action has been established it is needless to discuss the point. The order appealed from must be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Figueras and MacLeary concurred.